AO 245D (CASD) (Rev 1/12) Judgment in a Criminal Case for Revocations
Sheet 1

FILED

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

17 MAR 14  PM 3: 24

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |
| Ian Conner -1 | (For Offenses Committed On or After November 1, 1987) |

Case Number: 16-cr-00333-JAH-1

Shereen J Charlick  Federal Defenders
Defendant's Attorney

**REGISTRATION No. 55251298**

THE DEFENDANT:
[x] admitted guilt to violation of allegation(s) No. One.
[ ] was found in violation of allegation(s) No. _____ after denial of guilt.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following allegation(s):

| Allegation Number | Nature of Violation |
|---|---|
| 1 | Comply with all lawful rules of the probation department (nv1a) |

Supervised Release is revoked and the defendant is sentenced as provided in pages 2 through 5 of this judgment. This sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

March 13, 2017
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

16-cr-00333-JAH-1

AO 245D (CASD) (Rev. 1/12) Judgment in a Criminal Case for Revocations
Sheet 2 — Imprisonment

Judgment — Page 2 of 5

DEFENDANT: Ian Conner -1
CASE NUMBER: 16-cr-00333-JAH-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Ninety days.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before _____
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

16-cr-00333-JAH-1

AO 245D (CASD) (Rev. 1/12) Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page **3** of **5**

DEFENDANT: Ian Conner -1
CASE NUMBER: 16-cr-00333-JAH-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

Seven years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

[X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

[X] The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

[ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

16-cr-00333-JAH-1

AO      (Rev. 9/00) Judgment in a Criminal Case —                    page 4 of 5
Supervised Release

Defendant: CONNER, Ian
CASE NUMBER: 16-cr-00333-JAH-1

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall submit to search of your person, property, residence, abode, vehicle, papers, computer, cell phone, social media accounts and any other electronic communications or data storage devices or media and effects, within your possession or to which you have access or control, to a search conducted by a U.S. probation officer, or any law enforcement officer, at any time of the day or night, with or without a warrant, and with or without reasonable or probable cause. Failure to submit to a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

3. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the Court.

4. Not associate with, or have any contact with any known sex offenders unless in an approved treatment and/or counseling setting.

5. Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family, without prior approval of the probation officer.

6. Not use or possess any computer, computer-related devices (pursuant to 18 U.S.C. § 1030(e)(1)), which can communicate data via modem, dedicated connections or cellular networks, and their peripheral equipment, without prior approval by the court or probation officer, all of which are subject to search and seizure.

7. The offender shall consent to installation of monitoring software and/or hardware on any computer or computer-related devices owned or controlled by the offender that will enable the probation officer to monitor all computer use and cellular data. The offender shall pay for the cost of installation of the computer software. The offender shall provide passwords for all computer and computer-related devices, within his possession or to which he has access or control.

8. Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, day care center, carnival, recreation venue, library and other places primarily frequented by persons under the age of 18, without prior approval of the probation officer.

9. Not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.

10. Not initiate any contact personal, electronic or otherwise or associate with anyone under the age of 18 unless in the presence of a minor's supervising adult who is aware of your deviant sexual behavior and nature of the offense and conviction, with the exception of any biological children and with the approval of the probation officer.

AO      (Rev. 9/00) Judgment in a Criminal Case — Continued 2 — Supervised Release      Page 5 of 5.

Defendant: CONNER, Ian
CASE NUMBER: 16-cr-00333-JAH-1

11. Complete a sex offender evaluation which may include periodic psychological, physiological testing and the completion of the A B E L assessment at the direction of the court or the probation officer. If deemed necessary by the treatment provider, you shall participate and successfully complete an approved state certified sex offender treatment program, including compliance with treatment requirements of the program. The Court authorizes the release of pre-sentence report and available psychological evaluation to the treatment provider as approved by the probation officer. And you will allow reciprocal release of information between the treatment provider and the probation officer to facilitate treatment and rehabilitation.. Submit to polygraph examinations that may be used following completion of the formal treatment program as directed by the probation officer in order to monitor adherence to the goals and objectives of treatment and as part of the containment model. You may be required to contribute to the cost of services rendered as determined by the probation officer based upon your ability to pay.

12. You shall have no access to the Internet until such time as the probation officer gives you approval to utilize the Internet and has set up software necessary to monitor that use.

13. Any change of address shall be approved thirty days in advance by the Probation Officer.

14. Submit to 30 months of home confinement. Not to leave your residence during that period of time except for employment that's known to the probation officer. The medical issues related to yourself and your spouse and religious activities. This does not include volunteer work. You are not to volunteer at the Humane Society during this period. You shall be subject to GPS monitoring and pay the costs.

15. Perform 200 hours of community service not related to the Humane Society or to Veterans within the first two years of supervision. This is community service determined by the Probation Officer.

16. Participate in a program of mental health treatment and counseling as directed by the probation officer. Take any prescribed medication by a doctor or psychiatrist, and not to discontinue any medication without the approval of the health care provider or this court. You may be required to contribute to the cost of that treatment based upon your ability to pay as determined by the probation officer. And you are to allow reciprocal release of information between the probation officer and the health care provider to facilitate your treatment and rehabilitation.

17. You are not to possess any type of computer or telephone or any other cellular device that can access the Internet.

18. You shall not access the Internet on a smart TV.